FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 1 8 2013

CENTRAL DISTRICT OF CALIFORNIA
BY *shy* DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY RHONDA NICOLAS, | Case No. EDCV 12-01894 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant.[1/] | |

Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising one disputed issue. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. This matter is now ready for decision.

**Issue #1**

Plaintiff filed her application for Disability Insurance Benefits alleging disability due to physical and mental impairments. (AR 128-46, 566.) Plaintiff's application was denied initially and upon reconsideration, and thereafter, Plaintiff requested a hearing. (AR 57-67, 71.) Following an administrative hearing, the administrative law judge

---

[1/] The Acting Commissioner is substituted as the defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

1  ("ALJ") issued a decision on July 15, 2008, finding Plaintiff not disabled. (AR 11-54.)
2  The Appeals Council denied review. (AR 1-4.)

3      Plaintiff then filed a complaint in the district court. The Court reversed the ALJ's
4  decision and remanded the case for further administrative proceedings, *Nicolas v. Astrue*,
5  CV 09-4838 AN. (AR 585-89.) The Court's remand order provided that the ALJ's
6  assessment of Plaintiff's residual functional capacity ("RFC") did not adequately account
7  for the opinion of Plaintiff's workers' compensation treating psychiatrist, Noel Lustig,
8  M.D., Ph.D. (AR 585-88 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1148-49 (9th Cir.
9  2001) and *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996)). Consistent with the
10 Court's remand order, the Appeals Council issued an order remanding the case to the
11 ALJ. (AR 653-52.)

12     On remand, the ALJ held a supplemental hearing and reviewed additional medical
13 records submitted by Plaintiff. (AR 477-550, 590-628.) On November 4, 2010, the ALJ
14 issued a second decision finding Plaintiff not disabled. (AR 566-76.) The ALJ
15 determined that Plaintiff had physical impairments consisting of degenerative facet
16 disease at L4-5 and L5-S1 with mild central canal stenosis, mild osteoarthritis of the
17 cervical spine, coccydia, post-traumatic head injury, major depressive disorder, anxiety
18 disorder, and pain disorder (psychological). (AR 568-69.) The ALJ determined that
19 Plaintiff has an RFC for a range of light work, and is capable of performing simple,
20 repetitive tasks that are nonpublic, and do not require hyper-vigilance or fast paced work.
21 (AR 570.) The ALJ found that while Plaintiff's RFC precludes the performance of her
22 past relevant work, Plaintiff is capable of performing other work, such as mail clerk
23 within an office and office helper. (AR 574-75.) The Appeals Council denied review,
24 making the ALJ's second decision the final decision of the Commissioner. (AR 553-56.)
25 Plaintiff seeks judicial review of that decision.

26     Plaintiff contends that the ALJ erred by failing to articulate legally sufficient
27 reasons for rejecting Dr. Lustig's opinion. (JS 5-12, 20-22.) Specifically, Plaintiff
28 challenges the rejection of Dr. Lustig's findings issued in a May 2007 permanent and

1 stationary report and Work Function Impairment Form ("WFIF"), indicating that
2 Plaintiff had "moderate," "marked," or "extreme" limitations in several areas of activities
3 of daily living, social functioning, memory, concentration, persistence and pace, and
4 deterioration or decompensation, and "moderate" or "moderate to severe" impairments
5 in several work function categories.[2/] (JS 7-8, 11, 20; AR 416-17, 420.)

6        Although a treating physician's opinion generally is entitled to great weight, it "is
7 not necessarily conclusive as to either the physical condition or the ultimate issue of
8 disability." *Thomas v. Barnhart*, 278 F.3d 947, 957-58 (9th Cir. 2002) (citation omitted).
9 It is the province of the ALJ to determine credibility and evaluate conflicting medical
10 evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1989). The weight the ALJ
11 affords to any physician's opinion turns on the evaluation of a number of factors,
12 including the length and nature of the treating relationship as well as the consistency of
13 the opinion with other evidence in the record and whether the physician has "present[ed]
14 relevant evidence to support an opinion, particularly medical signs and laboratory
15 findings." 20 C.F.R. § 404.1527(c). The ALJ may, accordingly, determine that a treating
16 physician's opinion is entitled to little or no weight, but in doing so he must make a
17 record of the "specific and legitimate reasons" that support his evaluation by "'setting
18 out a detailed and thorough summary of the facts and conflicting clinical evidence,
19 stating his interpretation thereof, and making findings.'" *Thomas*, 278 F.3d at 957
20 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)); *Lester*, 81 F.3d at
21 831 (if a treating or examining physician's opinion on disability is controverted, it can
22 be rejected only with specific and legitimate reasons supported by substantial evidence
23 in the record).

---

25 [2/]     Dr. Lustig assessed "moderate" impairments in Plaintiff's abilities to comprehend
26 and follow instructions, perform simple and repetitive tasks, and maintain a work pace
appropriate to a given work load, and "moderate to severe" impairments in Plaintiff's
27 abilities to perform complex or varied tasks, relate to other people beyond giving and
receiving instructions, and influence people. (AR 420.) A "moderate" impairment
28 indicates an impairment that markedly limits the function. (AR 420.) A "severe"
impairment indicates the function is precluded. (AR 420.)

Page 3

1    The ALJ satisfied the applicable legal standard here. After summarizing the
2 medical evidence of record, the ALJ gave significant weight to the RFC assessed by the
3 non-examining medical expert, Dr. David Glassmire, which was less restrictive than that
4 opined by Dr. Lustig. (AR 570-74, 593-600.) Dr. Glassmire testified that Plaintiff was
5 capable of performing simple, repetitive tasks, but was precluded from work involving
6 interaction with the public, tasks requiring hyper-vigilance, and fast paced work. (AR
7 594-95.) Dr. Glassmire acknowledged that the mental status examinations conducted by
8 Dr. Lustig provided the best indicator of Plaintiff's functional levels on the dates of
9 examination. (AR 599.) A nonexamining medical expert's opinion may constitute
10 substantial evidence when it is consistent with other independent evidence. *Morgan v.*
11 *Apfel*, 169 F.3d 595, 599-600 (9th Cir. 1999) ("Opinions of a nonexamining, testifying
12 medical advisor may serve as substantial evidence when they are supported by other
13 evidence in the record and are consistent with it."); *Tonapetyan*, 242 F.3d at 1149.

14    Plaintiff asserts that Dr. Glassmire's opinion does not constitute substantial
15 evidence, as Dr. Glassmire relied on Dr. Lustig's clinical findings, but simply reached
16 a different conclusion about Plaintiff's limitations. (JS 9); *Orn v. Astrue*, 495 F.3d 625,
17 632 (9th Cir. 2007) ("When an examining physician relies on the same clinical findings
18 as a treating physician, but differs only in his or her own conclusions, the conclusions
19 of the examining physician are not "substantial evidence."). However, Dr. Glassmire did
20 not base his opinion solely on Dr. Lustig's findings. Dr. Glassmire also relied on other
21 medical evidence of record, including the opinion of examining psychologist Robin
22 Rhodes Campbell, Ph.D. (AR 337-41, 598-99.) Dr. Campbell conducted a complete
23 psychiatric examination of Plaintiff in October 2006. (AR 337-41.) Although Plaintiff
24 complained of problems with concentration, decision making, memory, feelings of
25 worthlessness, depression, crying spells, and sleep, her mental status examination was
26 essentially normal. (AR 338-41.) Dr. Campbell diagnosed depressive disorder, NOS and
27 anxiety disorder, NOS, and gave Plaintiff a global assessment of functioning ("GAF")
28 score of 68, indicating "[s]ome mild symptoms (*e.g.*, depressed mood and mild insomnia)

or some difficulty in social, occupational, or school functioning (*e.g.*, occasional truancy, or theft within the household), but generally functioning pretty well, [and] has some meaningful interpersonal relationships."American Psychiatric Association, Diagnostic & Statistical Manual of Mental Disorders 34 (4th ed., rev. 2000). Dr. Campbell assessed Plaintiff with no functional limitations. (AR 340, 598.) The ALJ found that Dr. Campbell's findings and opinion regarding Plaintiff's work-related limitations were significant, as they conflicted with Dr. Lustig's more restrictive opinion. (AR 572-73.) Because Dr. Campbell's opinion was based on "independent clinical findings," the ALJ had discretion to disregard Dr. Lustig's assessment of Plaintiff's functional limitations. *See, e.g., Tonapetyan*, 242 F.3d at 1149 (consultative examiner's opinion constituted substantial evidence, because it rested on independent examination of claimant); *Andrews*, 53 F.3d at 1041.

Further, in declining to credit Dr. Lustig's opinion, the ALJ specified that Dr. Lustig's opinion was not well supported by the objective medical record and inconsistent with his own medical findings. (AR 571.) For example, while Plaintiff maintained significant and severe emotional, cognitive, and behavioral complaints, Dr. Lustig reported in May 2007 that these complaints were present, but "not severe." (AR 415.) Plaintiff also reported that she had improved. (AR 415.) And although Dr. Lustig rated Plaintiff's overall degree of disability as "severe" based on his assessment that Plaintiff exhibited "moderate," "marked," or "extreme" impairments in activities of daily living, social functioning, memory, concentration, persistence, and pace, and deterioration or decompensation, and "moderate" or "moderate to severe" in several work function categories, the ALJ noted that Plaintiff's mental status examination "was relatively normal and not what one would expect if the claimant were truly disabled." (AR 412-13, 416-17, 420, 571.) Plaintiff exhibited only moderate anxiety and slight sadness, slightly impaired abstract thinking, moderately atypical body movements, and slightly decreased and slowed thought flow, her judgment was not impaired, her thought content and stream of thought were normal, she did not exhibit memory impairments, illusions or

hallucinations, she was well groomed, cooperative, oriented to person, place, and time, she acknowledged the presence of psychological problems, and her posture, facial expressions and speech were normal. (AR 412-13, 571-72.) Because the ALJ undertook a thorough discussion of the objective medical evidence and explained how the objective evidence established relatively mild limitations, the ALJ's ultimate rejection of Dr. Lustig's opinion was supported by substantial evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that the ALJ did not err in giving "minimal evidentiary weight" to controverted treating source opinions that were "conclusory, brief, and unsupported by the record as a whole"); *Thomas*, 278 F.3d at 957 ("[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings"); *Tonapetvan*, 242 F.3d at 1149.

Finally, the ALJ noted that Dr. Lustig's opinion conflicted with the opinion of the state agency medical consultant, who determined that Plaintiff's mental impairment was not severe. (AR 352-62, 573.) The state agency physician's opinion, which was based in part on the medical findings of Dr. Campbell and was consistent with other record evidence, provides additional support for the ALJ's rejection of Dr. Lustig's opinion. *Magallanes*, 881 F.2d at 751; *see also Tonapetyan*, 242 F.3d at 1149; *Andrews*, 53 F.3d at 1041.

Plaintiff asserts that because Dr. Lustig's mental limitations were set forth in Plaintiff's workers' compensation case, the ALJ erred by failing to translate those terms into language that would be useful in the Social Security context, such as "marked" and "severe." (JS 10-11, 20.) Plaintiff cites *Desrosiers v. Secretary of Health & Human Services*, 846 F.2d 573, 576 (9th Cir. 1988) to support this argument. (JS 10-11.) However, *Desrosiers* does not require an ALJ to "translate" worker's compensation terminology. In *Desrosiers*, the court found error where an ALJ failed to recognize that the categories of work under Social Security disability standards are "measured quite differently" from worker's compensation standards. *Id.* at 576. Here, the ALJ's decision

reflects that he recognized the differences between the workers' compensation and Social Security disability systems and took those differences into account in evaluating the medical evidence. (AR 573); *Booth v. Barnhart*, 181 F.Supp.2d 1099, 1106 (C.D. Cal. 2002) (explaining that the ALJ's decision should indicate that the ALJ recognized the differences between the state workers' compensation and Social Security disability statutory schemes, but "the ALJ's decision need not contain an explicit 'translation'"). Dr. Lustig specified that his assessment of Plaintiff's permanent impairment was based on the AMA Guides to the Evaluation of Impairment, Fifth edition, and that his assessment of Plaintiff's GAF score was limited to the workers' compensation context. (AR 380, 414, 416-17, 536.) The ALJ concluded that the disability determination made by Dr. Lustig in Plaintiff's workers' compensation case was not binding on Plaintiff's claim for disability benefits. (AR 573); *see Macri v. Chater*, 93 F.3d 540, 543-544 (9th Cir. 1996) (the disability ratings under the workers' compensation system are not conclusive in a Social Security case). Moreover, the ALJ clearly and properly discounted Dr. Lustig's opinion based on a lack of objective evidence to support it, the inconsistency in Dr. Lustig's findings, and the opinion of the medical expert, Dr. Glassmire. The opinions of Dr. Campbell and the state agency medical consultant provided additional substantial evidence to support the ALJ's resolution of the conflicting medical opinions.

Accordingly, Plaintiff is not entitled to a reversal or remand based upon Issue #1.

## ORDER

The Court finds that the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's

///

///

1  final decision and dismissing the action is GRANTED.  The clerk shall enter judgment,
2  close the file and terminate all pending motions.
3
4
5  DATED: November 15, 2013                    _____
6                                                          ARTHUR NAKAZATO
                                              UNITED STATES MAGISTRATE JUDGE
7
8
...
28
Page 8